Roberts v. Hardy.

OLLIE ROBERTS, Respondent, v. H. B. HARDY, Adm'r, Appellant.

Kansas City Court of Appeals, May 6, 1901.

1. **Husband and Wife:** DEED OF SEPARATION: JOINTURE: RE-CONCILIATION. An instrument set out in the opinion is held to be not a jointure but a deed of separation, and was, after its execution, avoided by the reconciliation and the re-cohabitation of the parties.

2. ———: ———: RECONCILIATION: RETURN OF CONSIDERA-TION: DOWER. That the money consideration recited in the deed of separation is retained by the wife after the reconciliation, is a matter of no importance nor is her renunciation of the deed of separation after her husband's death; but the fact that the husband brought her back and lived with her repudiates the deed and clothes her with all the rights of a wife including her statutory dower.

Appeal from Moniteau Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

Roberts v. Hardy.

*W. M. Williams* and *R. M. Embry* for defendant.

(1) Ollie Roberts had the right to contract that she would not claim dower, or the statutory provisions made for her. Public policy did not prevent such a contract. McFarland v. Baze's Adm'r, 24 Mo. 156; R. S. 1899, sec. 4335; Garbut v. Bowling, 81 Mo. 214. (2) The contract can not under the evidence be said to be unfair, or unreasonable, and should not be set aside upon that ground. Carr v. Lackland, 112 Mo. 443. (3) When Ollie Roberts executed the contract she forever relinquished any dower right in the real, personal and mixed property of Naaman Roberts. Garbut v. Bowling, 81 Mo. 214. (4) The contract is not invalid because the husband and wife may have subsequently cohabited occasionally. The contract was not that they should forever live separate and apart. She did not agree that if her husband did not cohabit with her she would not claim dower, but she contracted to accept, and did accept $1,000 in satisfaction of all interest in his estate, and relieved him from liability for support and maintenance. Saunders v. Saunders, 144 Mo. 482. (5) If the contract was binding upon her when made, she can not after the death of her husband, elect to abandon it and claim dower unless authorized by statute. The statute only refers to jointures. This contract or deed is not a jointure because it takes effect at once and is not in abeyance until the death of the husband. A jointure is a settlement upon the wife to take effect in possession at the death of the husband. Am. and Eng. Ency. of Law, p. 712; Grogan v. Garrison, 27 Ohio 60; Vance v. Vance, 21 Me. 364; Fellers v. Fellers, 54 Neb. 698; Saunders v. Saunders, 144 Mo. 482. (6) Even if this were a jointure, and the wife should find at the death of her husband, that he had made a settlement upon her as a jointure, and the statute has made provisions for dower, she must elect between

the two. But if before her husband's death she has entered into a contract and accepted a valuable consideration, in lieu of dower, she can not hold on to what she has received and have dower also. There is no election in keeping what she has received and taking all she can get afterwards. Roberts v. Walker. 82 Mo. 200. (7) When a contract was made by a woman of full age before marriage, by which, for a sufficient consideration, she relinquished her right of dower in her future husband's estate, it was sustained by courts of equity. Logan v. Phillips, 18 Mo. 23. If such a contract made before marriage to accept a valuable consideration in lieu of dower was binding because the woman was *sui juris,* why should not such a contract be valid after marriage since our statutes say: "A married woman shall be deemed a *feme sole* so far as to enable her to contract and be contracted with, etc." R. S. 1899, sec. 4335.

*Moore & Williams* for respondent.

(1) This right of plaintiff as the widow of deceased is absolute, and the statutory allowances vested in her immediately, on the death of her husband. Hastings v. Myers's Adm'r, 21 Mo. 519; Cummings v. Cummings, 51 Mo. 261; McFarland v. Baze's Adm'r., 24 Mo. 156; Griswold v. Mattix, 21 Mo. App. 282. (2) An examination of the instrument fixes its character. It is a verbatim copy of the agreement in the case of Garbut v. Bowling, 81 Mo. 214; Sackman v. Sackman, 143 Mo. loc. cit. 586; McBreen v. McBreen, 154 Mo. 323. (3) "Reconciliation and cohabitation will avoid a deed of separation." Tyler on Infancy and Coverture, p. 475 (1 Ed.), and cit.; All the authorities affirm this doctrine. 10 Am. and Eng. Ency. of Law, 211; 2 Story Eq. Jur. (7 Ed.), sec. 1428, and citations; Schouler, Husband and Wife, sec. 478; 1 Bishop on Mar. and Div., sec. 656; Wells v. Stout, 9 Cal. 479;

Swethar v. Gregory, 2 Wend. 422; Carson v. Murray, 3 Paige Chanc. Rep. 483, 501 (N. Y.); Heyer v. Bruger, 1 Hoffman 1; People v. Mercein, 3 Hill. (N. Y.) 399. Such agreements have been uniformly condemned by the courts, even when carried out by a bona fide separation, they are merely tolerated. Walker v. Beal, 9 Wall. (U. S.) 743, 758; Rogers v. Rogers, 4 Paige Chan. Rep. 516; See chapter 32, 1 Bishop, Marriage and Divorce, where a full abstract of the decisions on this point are given. Tyler Infancy and Cov., pp. 467, 468; Gonsolis v. Bouchouguette, 1 Mo. side p. 670; Kerr v. Smith, 20 Wall. 31, 36, s. c. 22, L. Ed. 313; Tyler on Infancy and Coverture, p. 475, sec. 343; Shethan v. Gregory, 2 Wend. 422; Walls v. Stout, 9 Cal. 479; And cases cited, supra; Knapp v. Knapp, 95 Mich. 474, and citations. As we now look at plaintiff's rights, we are satisfied that such deed was not necessary under the law applicable to this case, to enable her to recover. In any event, plaintiff, to authorize a recovery, is not called upon to refund or pay to the administrator of her deceased husband the money received by her when the deed was made, or any portion thereof. (4) Had the marriage settlement or deed of separation been a valid instrument and in full force at her husband's death, upon her election it may be that the court would hold that she must account for the value of the farm, i. e., $575, that being all of the $1,000 not shown to have been used or spent before her husband's death. That doctrine is held in Tennessee. Watkins v. Watkins, 7 Yerg. 283 to 295; Parham v. Parham, 6 Humph. 287; Goodrich v. Bryant, 5 Sneed 325.

BROADDUS, J.—The proceedings originated in the probate court. Plaintiff made her application for an allowance against the estate of her deceased husband, Naaman Roberts. The application is for her allowance as such widow under sec-

tions 105, 106, 107, 108 and 109, Revised Statutes 1899.

It was admitted on the trial that Naaman Roberts, the deceased, and plaintiff were married on the seventh day of October, 1897; that by a prior marriage Naaman Roberts had living nine children; that there was no issue of the marriage of plaintiff and said Roberts; that Roberts died February 10, 1900, intestate, and that the plaintiff, his widow, survives him; that she has received nothing from the administrator; that the household and kitchen furniture was sold by the administrator and the amount realized from the sale was $122.30. It was admitted that $200 would be a reasonable amount for one year's provisions for the widow if she is entitled to anything; that the entire amount of the personal estate that came into the hands of the administrator was $4,000.

The defendant to defeat the plaintiff's allowance read in evidence a deed of separation between the plaintiff and the deceased, executed on the fifteenth day of November, 1897. It reads as follows:

"This agreement made and entered into, this fifteenth day of November, 1897, between Naaman Roberts and his wife Ollie Roberts, and H. A. Yarnell trustee of said Ollie Roberts, all of Moniteau county, Missouri.

"Whereas, the said Naaman Roberts and Ollie Roberts, from various reasons and causes, are unable longer to live together as husband and wife, and to prevent further difficulties, have this day mutually agreed and covenanted by these presents, mutualy agree and covenant, to live separate and apart and no longer live together as man and wife, and as a part of said agreement, it is further agreed, by and between the parties, that in consideration of the premises as well as in consideration of the sum of one dollar, and other matters hereinafter specified, the said Naaman Roberts agrees upon the execution of this deed and agreement, that he will pay over to the said H. A.

Yarnell in trust as aforesaid, for the use of the said Ollie Roberts, the sum of $1,000, the same to be delivered by the said H. A. Yarnell to Ollie Roberts, or invested by him in such manner as she should think most conducive to her benefit and interest, and in consideration of the above property herein by the said Naaman Roberts, to and for the use and benefit of the said Ollie Roberts, his wife, the said Ollie Roberts on her part, accepts the same in lieu of any dower right, or homestead right she would be entitled to in the property and estate of the said Naaman Roberts at his decease or at the termination of this marriage, however it may be terminated, and hereby relinquishes all claims of whatever character, and description to the estate, real, personal or mixed which the said Naaman Roberts now has, or may have and acquire in any manner whatsoever, and for the consideration aforesaid she, the said Ollie Roberts further and entirely releases the said Naaman Roberts, from all charges for maintenance and support, etc."

It was admitted that the $1,000 mentioned in said deed was paid to the trustee Yarnell. The plaintiff, after the death of her husband, filed her deed of election and renunciation of the deed of separation which was read in evidence.

It was shown in evidence that this $1,000 paid plaintiff's trustee was invested in a forty-acre farm, near the residence of her husband. It seems that Roberts himself negotiated for the purchase of the farm. The evidence shows that after the execution of the deed of separation, Roberts visited his wife and stayed with her a part of the time, and one witness says half of the time. It is also shown that after the deed of separation they lived together as man and wife for awhile, and during his last sickness she was with him much of the time. There was evidence also tending to show that they did not live

together after the deed of separation, but that they did so live together is supported by the weight of the testimony. The circuit court sustained plaintiff's application and made her allowances under the statute. The defendant appealed.

Instructions were offered on both sides, some of which were given and some refused, but as the whole case turns upon a construction of the deed of separation, and the effect of subsequent cohabitation between the parties thereto, they become immaterial.

It has been the settled law of England and this country that a wife by her deed, through the interposition of a trustee, may waive her right of dower in her husband's estate. Garbut v. Bowling, 81 Mo. 214; McFarland v. Baze's Adm'r., 24 Mo. 156. But these cases are predicated upon a different state of facts from the facts in this case, for the parties continued to live apart, but in the case at bar, the relation of husband and wife continued until the death of the husband. In the case of Saunders v. Saunders, 144 Mo. 482, the facts were that the husband conveyed to his wife certain land, reserving to himself during his life all the rents and profits, after which the wife left him and he sued for and obtained a divorce. . The deed was held to be in the nature of a jointure, and was upheld by the court. But the deed of separation under consideration is in no sense a jointure. A jointure is defined as "a competent livelihood of freehold for the wife of lands and tenements, to take effect in profit or possession, presently after the death of the husband, and must be made before marriage. But under a more modern rule of jurisprudence a jointure may be created by postnuptial deed as in the case of Saunders v. Saunders, supra. But in the last case it was shown that it was not in contemplation of the parties to live apart when the deed of jointure was executed; but in the case at bar the object of the deed was the separation of the man and wife and a provision

for her, which provision was to be in lieu of all future claims upon his property. A jointure is not made with the view of a separation of the husband and wife, but more often in contemplation of marriage. Its creation is not for the purpose of providing for the wife during the existence of the marital relation, but as a substitute for the wife's right of dower in the husband's estate.

In the case at bar, the husband and wife in consequence of certain conditions existing between them, convinced that they ought no longer live together, agree to separate, and the husband pays her $1,000, in consideration of which she renounces all claims upon his estate. The evidence is that there were no personal disagreements between the two, but that the trouble grew out of the fact that each had children, who were, as usual, the instigators of discord. H. A. Yarnell, the trustee in the deed, who was present at the execution of the instrument, testified, that the plaintiff cried and did not want to sign the deed, but was told by him that it did not divorce them, and that it would settle the trouble. She then left the house of the husband, but he had her back again in about a week, after which the house for plaintiff was bought. Its situation was near and convenient for the husband, who availed himself, as he might lawfully and laudably do, of his privilege and rights as a husband, and was with her much of the time. And further, during his last sickness, she was at his bedside, faithfully to the end conducting herself as a good wife always does. Thus we have seen that the deed of separation did not separate, but that the husband and wife still clung together until separated by the hand of death. Reconciliation and recohabitation will avoid a deed of separation; and when the wife returns for the purpose of resuming her duties and privileges as a married woman, and is received by her husband, the previous agreement to live separate from each other is at

.an end, and the bond given for the separate maintenance falls with it.    Tyler on Infancy and Coverture, page 475, sec. 343.

A relinquishment by a wife of all her rights in her husband's property, in case she survives him, made for a valuable consideration previous to the separation by agreement, is avoided by the subsequent reconciliation and cohabitation for a few weeks.    Knapp v. Knapp, 95 Mich. 474.    From the very nature of things, there can be no other conclusion than that reconciliation would avoid a deed of separation, because, thereby the parties themselves have done away with the agreement, or in other words, mutually abandoned it.    And it would be strange, indeed, if any respectable court can be found to have held otherwise.

We do not attach any importance to the fact that the widow renounced the provision made for her in the deed of separation, or that she has failed to return the $1,000 received from her husband.

In the case of Knapp v. Knapp, supra, the Michigan court held: "A contract between a husband and wife, made with a view of separation, whereby, in consideration of a stated sum which she acknowledges to have received as her just portion of their estate, she releases all claims in his estate as his widow, is avoided, so as to restore her to all her former rights, when they afterwards became reconciled and lived together for a time, and the amount received by her under the contract is not an equitable demand against her on behalf of the estate of her husband who did not require its return either in the contract or in his will."    And we are forced to the conclusion that the law, as laid down in said case, is fortified by every conclusion of logic and sound morals.    When the husband sent for his wife and brought her to his home and afterwards lived with her in the house purchased by the money he had paid her, he received her to his arms as his wife and by those acts he

repudiated the deed of separation and all its incidents, and he thereby clothed his wife with all the rights pertaining to the relation of marriage as if no deed of separation had ever been. The decision of the circuit court is affirmed. All concur.