ANNA GILSEY, Respondent, v. MAX GILSEY, Appellant.

Kansas City Court of Appeals, February 12, 1917.

1. **DIVORCE AND ALIMONY**: Contracts of Separation and Settlement. Post nuptial contracts of separation are not unlawful, and such contracts may lawfully provide that, in the event suit for divorce is filed, no alimony may be recovered.

2. ———: ———. A contract of separation which provides that all property rights are settled therein and in addition provides for settlement of all matters of indebtedness between the parties and the cancelling of all such indebtedness from the wife to the husband, not only severs all marital relations but all property and business matters are adjusted by it, and shows that there is no probability of the parties ever living together again and separates them as effectually as it is possible for them to be separated short of an absolute divorce, and shows that neither contemplate a future claim on the other. A contract such as this while it does not expressly bar alimony, must be construed as so doing.

3. ———: ———. A wife, who sues for divorce and alimony after a contract of separation has been entered and executed and in which all property rights are settled by the payment of a lump sum of money, may set this agreement aside on the ground of duress and fraud, and when such an agreement is pleaded *in haec verba* in the answer and the reply alleges that it was obtained by fraud and duress, then issue is joined, and if it be shown that the agreement was not obtained by fraud or duress, it will bar recovery of alimony.

Appeal from Jackson Circuit Court.—*Hon. Joseph A. Guthrie*, Judge.

REVERSED AND REMANDED.

*Paul R. Stinson* and *E. H. Busiek* for appellant.
*Frank Yoeman* for respondent.

BLAND, J.—On December 23, 1914, plaintiff filed suit against the defendant asking for divorce and alimony. Defendant's answer contained a statement *in haec verba* of the following contract of separation:

"THIS AGREEMENT WITNESSETH:

WHEREAS Max Gilsey and Anna Rosnecker did on the 6th of October, 1905, enter into a contract of marriage and have lived together as man and wife from and after said date, and:

WHEREAS, it is believed by both parties that it is impossible for them to continue to live together as man and wife, and it is desired for that reason to separate and make a settlement of all their property rights:

WHEREFORE, the said Anna Rosnecker Gilsey agrees to accept from Max Gilsey in full settlement of all property rights and dower interest in and to all sums of money, personal property, real estate, stocks and bonds, owned and possessed by both of them the sum of five thousand dollars,

AND THE AGREEMENT of the said Anna Rosnecker Gilsey to accept the sum of five thousand dollars in full settlement of all property rights and dower interest in and to all sums of money and interests in any and all personal properties, real estate, stocks and bonds that may be due from the said Max Gilsey to the said Anna Rosnecker Gilsey by law or contract, is hereby settled in full and the said amount is contractual and not a mere recital and all agreements and understanding between the parties hereto are fully embodied herein and set forth.

IN WITNESS WHEREOF the parties hereto have set their hands this 5th day of March, 1914.

(Signed) MAX GILSEY,

(Signed) ANNA ROSNECKER GILSEY.

WITNESSES

(Signed) MRS. A. KAMMERYELL

(Signed) MILTON J. OLDHAM."

Defendant further stated in his answer that he had complied with all the terms of said contract of separation.

Plaintiff filed her reply to said answer setting up that the contract of separation mentioned in defendant's answer was obtained through fraud and duress and for that reason it was no contract and therefore it was not

binding upon the plaintiff. Upon the issue thus joined the court tried the cause and on June 4, 1915, entered a decree declaring that said contract of separation was fraudulent and void, and decreed that defendant pay plaintiff as alimony the sum of three thousand ($3000) dollars in gross, and the further sum of two hundred ($200) dollars as attorneys' fees; that thereafter, in due time, motions for new trial and in arrest of judgment were filed by the defendant. On July 3, 1915, the court upon its own motion modified the decree of alimony by providing, in effect, that the said sum of three thousand ($3000) dollars alimony in gross should be in addition to the amount of money already received by plaintiff through said contract of separation; that thereafter, in due time, defendant refiled his motion for new trial and in arrest of judgment; that on December 21, 1915, the court sustained the motion for new trial and the cause was again submitted to the court without the taking of any new testimony but upon the pleadings and evidence introduced prior to the rendition of the first decree of alimony. Thereafter and on said 21st day of December, 1915, the court rendered a new decree in which he found that the contract of separation pleaded by the defendant was not in the case, because the same was not properly pleaded in the answer, being pleaded as evidence and not by its legal effect, and that, therefore, plaintiff's reply seeking to nullify the contract of separation on the ground that it was fraudulently procured, should be treated as surplusage. The court further found that even if the contract of separation were well pleaded, it did not have the effect in law of releasing the defendant from the obligation to pay alimony to the plaintiff.

Defendant pleaded the contract of separation *in haec verba,* setting up the evidence with which he expected to prove his defense rather than pleading the legal effect of the document. For this reason a ground was afforded plaintiff for a demurrer to the answer but replying to the merits, plaintiff waived the defect. [Wilson v. Chicago Great Western Ry. Co., 190 S. W. 22; Reilly v. Cullen, 159 Mo. l. c. 329.] Even if it be a fact that the contract

of separation was not well pleaded, the matter was cured by the plaintiff in her reply wherein she set up that said contract of separation was procured by fraud and, therefore, no defense to the suit for alimony. .Plaintiff having joined issue on this point, under the doctrine of "*express aider*" the matter was cured and she cannot complain. [Hughes v. Carson, 90 Mo. 399; Garth v. Caldwell, 72 Mo. 622; Donaldson v. County of Butler, 98 Mo. 163.]

The court below, therefore, erred in not taking account of the contract of separation as set up in defendant's answer. As this cause must be retried, it is necessary for us to decide whether the contract of separation pleaded in this case is a bar to plaintiff's alimony. That post nuptial contracts of separation, such as the one in the case at bar, are lawful and valid has been decided many times. [McBreen v. McBreen, 154 Mo. 323; Roberts v. Hardy, 89 Mo. App. 86; Fisher v. Clopton, 110 Mo. App. 663.] It is also held that such contracts may be so drawn as to lawfully provide that in the event the wife thereafter shall file suit for divorce she shall not be entitled to alimony. [Parson v. Parson, 62 S. W. 719 (Ky.); Luttmer v. Luttmer, 137 S. W. 777 (Ky.); Archbell v. Archbell, 158 N. C. 408.]

In the case it is quite apparent from the terms of the contract of separation that it was a contract intended to provide for the wife's support. The law requires the husband to support his wife and when the defendant, under the contract in this case, paid plaintiff the sum of five thousand ($5000) dollars, it is apparent that it was intended for her future support and to relieve defendant of that burden, because the contract of separation contemplated that they were no longer to live together as husband and wife, reciting that "it is impossible for them to continue to live together as man and wife, and it is desired for that reason to separate and make a settlement of all their property rights."

Although it is said that alimony is granted in accordance with all the circumstances of the case, the ability of the husband, the condition and means of the wife, and the conduct of the parties (Viertel v. Viertel, 212 Mo. 562),

and that the same is awarded in the nature of damages for breach of the contract of marriage (Lemp v. Lemp, 249 Mo. 1. c. 311), the purpose of alimony is for the support and maintenance of the wife. [Section 2375, R. S. 1909.]

The contract of separation in this case provides for a complete separation and "settlement of all property rights." In addition to that, it goes so far as to provide for a settlement of all matters of indebtedness between the parties and the cancelling of all such indebtedness from the defendant to plaintiff. Thus the contract not only severs all marital relations but all property and business matters are adjusted by it. The contract shows that there was no probability of the parties ever living together again, and it separated them as effectually as it was possible for them to be separated short of an absolute divorce. It shows that neither contemplated a future claim on the other. Under such conditions can it be said that because the contract did not mention alimony in express terms that alimony was not covered? We think not. After the making of this contract, it is quite apparent that the wife could not have maintained an action against her husband for maintenance, for the contract, if it did anything at all, relieved the husband of the burden of maintaining the wife after its execution. If this contract is a bar to maintenance, why is it not a bar to alimony?

Under a contract by deed of separation that mentioned nothing more than the release of the husband's property, acquired and thereafter to be acquired, it was held by this court that the contract also cut off dower. [Fisher v. Clopton, 110 Mo. App. 663.] The contract before us specifically mentions dower, showing that it was the intention of the parties to settle all claims that might thereafter arise between them during their respective lives, so that plaintiff would be debarred from setting up such claims during her lifetime, or even after defendant's death in the shape of dower. Had the husband come into possession of property, either of great or small value, after the making of this contract of separation, the wife would have had no claim upon him in reference to

such property; how then could it be said that by her filing suit for divorce she could ask for alimony and obtain a portion of her husband's property in that manner? If she were permitted to do this, she might not only obtain property from him that came to him after the contract of separation was executed, but if he had no such property, she might get a portion of the very property awarded to him in the contract of separation.

From a reading of the evidence in this case it is seen that the parties have put the same construction upon this contract of separation that we have supra. This construction was put upon it by them from the time they signed the contract of separation up to and including the time of the filing of the reply in this cause, for in the reply itself plaintiff assumed that if said contract were not fraudulently procured, it would be a bar to her alimony.

As we have concluded that the contract of separation set up in the answer was properly an issue in the cause, although held otherwise by the lower court, it follows that we have further concluded that the issue of fraud and duress set up in plaintiff's reply was also an issue and one that, if sustained on behalf of the plaintiff, would be a bar to the setting up of said contract as a defense to alimony. For the reasons given the cause should be remanded.

The judgment is reversed and the cause remanded for a new trial. All concur.