NANCY E. HARRISON, Appellant, v. JAMES C.
HARRISON, Respondent.

Kansas City Court of Appeals, May 5, 1919.

1. **DIVORCE: Husband and Wife: Separation Settlement: Trustee.**
   Husband and wife may make a valid contract of separation and
   settlement between themselves without the intervention of a
   trustee.

2. ———: **Reconciliation: Annulment of Agreement.** Where husband
   and wife make an agreement for separation and settlement and
   there is a reconciliation and resumption of the marital relation
   it annuls the agreement.

3. ———: **Public Policy: Separation in Future.** It is against pub-
   lic policy to allow validity to a contract based upon a separation
   for causes which may happen in the future, or which are after-
   wards to be brought about.

4. ——— **Settlement Without Separation: Validity.** There may be
   a valid contract of settlement of property between husband and
   wife, made without reference to, or intention to, separate.

5. ———: **Return of Property: Reconciliation: Second Abandonment:
   Tender.** Where a contract of separation and settlement is made
   between husband and wife and she receives money or property
   under the contract; and afterwards he returns to her and lives
   with her as her husband if afterwards he refuses to support
   her, or she is compelled to secure a divorce for his fault, she may
   demand alimony without returning to him the property she re-
   ceived.

201 M. A.—30

6. ———: Wife's Use of Property Settled upon Her: Voluntary Settlement: Gift. Where a wife received property from the husband under a contract of separation and settlement, and he afterwards returned to her, and they thereafter resumed marital relations, he acquiesing in her use of the property and its proceeds for a course of years, when again wrongfully left her, the property became a voluntary settlement or gift from him..

Appeal from Davies Circuit Court.—*Hon. Arch B. Davis*, Judge.

REVERSED AND REMANDED.

*J. W. Perry* and *Garland Wilson* for appellant.

*J. C. Wilson* for respondent.

ELLISON, P. J.—This is an action for divorce and alimony. There was a decree of divorce in plaintiff's favor for defendant's fault, but the trial court refused her permanent alimony and she appealed.

The propriety of the court's action in refusing alimony depends upon a contract of separation. The parties were married in March, 1877, and lived together more than twenty-two years. They were comparatively poor, yet not in want for the ordinary comforts of farm life secured from property they jointly accumulated. There were eight children. In November, 1899, they parted, but in doing so entered into a written contract of separation. This contract has two antagonistic aspects. Certain recitals would indicate they were to continue to live together, while others, show an immediate separation was to follow and as such separation did, in fact, follow, and as defendant conceded in his testimony that it was to follow, we will accept the agreement in the light of the action of the parties. He gave or released to her a small tract of land worth $675, some corn in the field and in the crib, some hay, a cow, pigs and chickens. Each took one-half the provisions on hand.

In consideration of this she released all interest in other property and all that he might acquire in the future including dower and homestead.

As a deed of separation, with the division of property, it was undoubtedly valid. Formerly such contracts required a trustee, but now, by our statutory rights of married women, the contract may be made immediately between husband and wife. [Smelser v. Meier, 271 Mo. 178, 186; Rogers v. Rogers, 265 Mo. 200, 207; Rice & Co. v. Sally, 176 Mo. 107; Winter v. Winter, 191 N. Y. 462, 467-471.]

But the evidence was clear that in about six months he returned to her and lived again with her as his wife, for several years, during which time he acquired property and money, estimated at as much as twelve thousand dollars. Several times afterwards, he left their abode—returning and leaving again—until finally in August, 1916, she brought this action wherein she was granted a divorce for his fault, but denied alimony on the ground that, notwithstanding reconciliation, the articles of agreement for separation barred her right. We think this was a mistaken view of the law. The return to marital relations annulled the contract. [Roberts v. Hardy, 89 Mo. App. 86; Knapp v. Knapp, 95 Mich. 474; Ahrens v. Ahrens, 169 Pac. 486; Gaster v. Gaster, 90 Neb. 529; Smith v. King, 107 N. C. 273, 276; Archbell v. Archbell, 158 N. C. 408, 415; Carson v. Murray, 3 Paige, 483, 501; Winter v. Winter, 191 N. Y. 462, 472; Hale v. Hale, 40 Ok. 101, 109; Coe v. Hill, 201 Mass. 15, 23; Estate of Matteote, 59 Colorado, 566; Hartl v. Hartl, 155 Iowa, 329, 332; Kehr v. Smith, 20 Wall. 31.]

But defendant has presented considerations which he urges should deprive plaintiff of the right to claim the agreement was nullified by the reconciliation; First, that when he returned he stated that, "I told her we would let her contract stand and if any more trouble was raised we had it settled." We think this statement could not avoid the effect of the reconciliation. A contract of separation and settlement must be made

after the separation or with a then present purpose to separate for causes preceding, followed by the fact of separation. It is against public policy to permit such contracts to be made except for a cause then existing and an intention to carry out. There, of course, may be a valid settlement of property between husband and wife without a separation. But that is not this case. Here it is too manifest for argument that the inability to live together and the separation were the driving causes of the division of the property. In this connection defendant cites Singer Estate, 233 Pa. St. 55, 67-69. There was a contract of separation and settlement, followed by a reconciliation and resumption of marital relations, whereupon a new contract was drawn up rehabilitating and confirming the former one "except the stipulation that the parties shall live separate and apart." There was no further trouble and the parties lived together until her death and the contract became as though originally drawn for a settlement of property between husband and wife, without desiring or contemplating a separation.

Next, it is said that plaintiff has the property or its proceeds, which she has not returned to defendant which was necessary to do if she desired to rescind. The facts here do not permit application of the law of rescission and Gilsey v. Gilsey, 198 Mo. App. 505, cited by defendant, is not in point. In that case the wife repudiated the agreement without consent of the husband and within a few months sought a divorce (195 Mo. App. 407); while in this case the plaintiff husband not only consented to annulling the contract, but, himself, repudiated it by resuming the marital relations which it had broken off.

The consideration for an agreement of separation fails and the contract is avoided . . . where, after it has taken place, the parties are reconciled and cohabitation is resumed. [Galusha v. Galusha, 116 N. Y. 635, 643.] So, when defendant returned to plaintiff and they resumed marital relations, "the cause which led to the contract ceased" (Zimmer v. Settle,

124 N. Y. 37, 43), and the property which he had released to her by his course of conduct through several years, in letting her continue to manage and dispose of it as her own, became a gift or voluntary settlement. [Estate of Matteote, 59 Colorado, 566; Kehr v. Smith, 20 Wall. 31.] In the latter case the Supreme Court of the United States said: "All the elements of value which entered into the composition of the first agreement ceased to exist when the parties became reconciled. The marital relations were resumed on the basis of mutual forgiveness for past misconduct, and the wife became entitled to support from her husband and to dower in his estate. These rights of the wife had been relinquished in the first contract, and this relinquishment was the only consideration to support it. The withdrawal of the consideration left the notes without any element of value in them, and the execution of the new contract, followed by cohabitation, placed the parties exactly where they would have been if there had been no separation. The notes thus became a voluntary gift, and it can make no difference in their character that they are reserved as a separate estate to the wife."

The foregoing considerations show that plaintiff is entitled to alimony and the judgment will be reversed and the cause remanded to the end that the trial court may determine upon a proper allowance. All concur.