SADIE JOHNS, Appellant, v. GEORGE W. JOHNS, Respondent. .

St. Louis Court of Appeals. Submitted on Briefs May 7, 1920. Opinion Filed June 8, 1920.

1. HUSBAND AND WIFE: Contracts: Contract of Separation and Settlement of Property Rights Valid: Reconciliation Annuls Contract. There may be a valid contract of separation and settlement of property rights between husband and wife, but a reconciliation would avoid and annul such contract.

2. ———: ———: Contract of Settlement Without Present Intention to Separate Void: Public Policy. While agreements for separation and for settlement of property interest between a discordant husband and wife, when fair and reasonable, will be upheld by the courts, if made in prospect of immediate separation; such agreements between parties living together amicably and without a present intention to separate are against public policy and void, since they have a tendency to promote separation and divorce. .

3. ———: ———: Parties Living Short Time in Same House: Marital Relations Not Resumed: Contract of Separation and Settlement Valid. An agreement between husband and wife under which the wife received and accepted the sum of $7oo in cash and other good and valuable considerations, in lieu of all claims for alimony and maintainance which had accrued or which might accrue in the future was not rendered invalid because the parties continued to occupy the same house for a few days after the signing of the agreement, inasmuch as such occupancy was with no intention of resuming or continuing marital relations but was occasioned by the immediate and unavoidable circumstances attendant at the sale of the property and procuring of a new residence for each of them.

4. DIVORCE: Alimony: Separation Settlement: Consideration Paid: Tender. Where husband and wife enter into a contract of settlement and separation, in which all money and property rights and obligations are adjusted in consideration of the husband paying— her a certain sum of money, she cannot then bring an action for divorce and alimony and seek to repudiate the contract without tendering back the sum received by her under the contract.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Vital W. Garesche*, Judge.

AFFIRMED.

*Jas. A. Ryan* and *Kinealy & Kinealy* for appellant.

(1) A separation agreement between husband and wife, which is fair and reasonable and where the separation has taken place or immediately follows, will not be repudiated by the courts. Fisher v. Clopton, 110 Mo. App. 663. (2) It will not be upheld if the parties are living together or continue so to do. Speiser v. Speiser, 188 Mo. App. 328. (3) If after separation under an agreement the parties come together and resume their relation as husband and wife the separation agreement becomes abrogated. Roberts v. Hardy, 89 Mo. App. 88; Harrison v. Harrison, 211 S. W. 708.

*William Hilkerbaumer* for respondent.

(1) Husband and wife have full power and authority, as to their property rights, to contract with each other, and such contract will be enforced at law just as if they had contracted with third persons. Rice, Stix & Co. v. Sally, 176 Mo. 107; O'Day v. Meadows, 194 Mo. 614. (2) When husband and wife enter into a contract of settlement and separation in which all money and property rights and obligations are adjusted in consideration of the husband paying her a certain sum of money, she cannot then bring an action for divorce and alimony and expect to repudiate the contract without tendering back the sum received by her under the contract. Gilsey v. Gilsey, 198 Mo. App. 505.

REYNOLDS, P. J.—Plaintiff brought her action for divorce against the defendant, on the ground of desertion continued for a period of more than one year next prior to the filing of the petition, which was on March 16, 1917. The date of the desertion is given as Septem-

ber 25, 1914, and alleged to have been without cause. Stating that the defendant is an able-bodied man and earns good wages, plaintiff prays alimony and suit money pending the suit and a reasonable sum by way of permanent alimony in the final decree.

The answer, after a general denial, sets up that on September 18, 1914, plaintiff and defendant entered into an agreement under which plaintiff received and accepted the sum of $700 in cash, and other good and valuable considerations, in lieu of all claims for alimony and maintenance which had accrued or which might accrue in future. A general denial by way of reply was filed.

Hearing the cause the court awarded a divorce to plaintiff but refused to allow any alimony or suit money. Plaintiff thereupon filed a motion for new trial, attacking so much of the decree as refused to allow alimony and suit money. This being overruled, plaintiff has appealed.

The right to the divorce is not contested. The sole question here involved is as to the action of the trial court in refusing to allow alimony, etc.

It appeared that the parties were married on March 31, 1914, and separated on September 25, 1914. A separation had been contemplated, at least by defendant, some little time prior to that date, and on September 18, 1914, they entered into an agreement of separation. It is recited in this agreement that the "parties find it impossible to live peaceably togeth r as husband and wife: It is therefore hereby agreed by and between them that they will for the future live separate and apart from each other. It is further agreed that the said Sadie Johns shall have of the personal property owned by the said parties, one parlor suit, one dining room set, one bedroom set and all kitchen furniture now located in premises known as 1425 North Newstead avenue. It is further agreed that the said George W. Johns will pay any and all obligations now due on aforesaid furniture. It is further agreed that the said George W. Johns

will pay unto the said Sadie Johns seven hundred ($700.) dollars in lieu of all alimony and maintenance. It is further agreed that neither of said parties shall have any present or further interest of any kind in the real estate belonging to the other party; and, if either shall sell any of his or her real estate, the other will, on request, unite in a deed of conveyance therefor, relinquishing his or her prospective right of curtesy or dower in such real estate. It is further agreed that if either of said parties shall hereafter institute divorce proceedings against the other, or prosecute any suit, it shall not vary the property rights of either of said parties.''

This was signed by the parties.

Plaintiff testified that a short time prior to September 25th defendant became angry with her and said that they would break up housekeeping and sell the house, which he·did, and plaintiff was compelled to vacate the house because it had been sold and rented; that she had since often asked defendant to live with her, and that·her mother and friends had done the same, but he refused; that defendant earned $85 a month. Prior to this dispute there had been no serious differences between them. Plaintiff also testified that she joined in the deed to the property; that she was compelled to do so or get out and get nothing; that she received the $700 mentioned in the agreement and part of the furniture; that the real estate sold for $1800. This was the only property that she knew of that her husband owned. She had been married previously. When this agreement between them was made and signed they were living together and continued to do so until September 25th, of the same year, when she moved away. Between the 18th and 25th of September they lived together as they had prior to that time. Within four or five days after the agreement was signed plaintiff left the house because the purchaser had rented it and the party to whom it was rented wanted to move in. She tes-

tified that they signed the agreement on September 18th and that she knew she was compelled to get out of the house because it was rented, and that she and her husband maintained marital relations after the contract was signed, that is until she left on September 25th. Defendant denied this and stated that while they had lived together in the same house, and in the same room, they had no marital relations between the 18th and 25th of September and for some time prior to that.

Defendant, called as a witness by plaintiff, testified that he is a watchman at a bank and had been employed there for about eighteen years; that his salary is about $85 a month. On September 18, 1914, he owned a cottage on Newstead avenue in the city of St. Louis, which he then sold for $1800, and has no personal property left except his wearing apparel. Defendant identified his signature to the agreement and stated that it was excuted September 18th. He testified that at the time this agreement was executed the house was all furnished; that he had put $247 worth of furniture in it, which was some of the furniture mentioned in the agreement; that he delivered possession of the furniture mentioned to plaintiff and paid her the $700 mentioned in the contract. After the agreement was signed and up to the time they separated, they ate at the same table and slept in the same bed. Plaintiff commenced getting ready to move as soon as the paper was signed. She got out of the house on September 24th. Plaintiff read the agreement in the presence of witnesses before she signed it and said it was satisfactory; that while they had occupied the premises and the same room and bed they had no marital relations and had not had for quiet a while before the agreement was signed.

It appears that this agreement was acknowledged before a notary public, who testified that he had asked plaintiff if it was her free act and deed, and she said it was. This is substantially the evidence in the case.

As held by our Supreme Court in Rice, Stix & Co. v. Sally, 176 Mo. 107, 75 S. W. 398, and O'Day; v. Meadows, 184 Mo. 588, 1. c. 614, 92 S. W. 637, the validity of the contract between plaintiff and defendant, then husband and wife, is no longer an open question in our State. So the Kansas City Court of Appeals said in Fisher v. Clopton, Admr., etc., 110 Mo. App. 663, 85 S. W. 623. It was further said in that case 1. c. 667), following Robert v. Hardy, 89 Mo. App. 86, that there may be a valid contract of separation and settlement of property rights between husband and wife, but that a reconciliation would avoid and annul such contract.

In Speiser v. Speiser, 188 Mo. App. 328, 175 S. W. 122, it was held that agreements for separation and for settlement of property interest between a discordant husband and wife, when fair and reasonable are upheld by the courts, if made in prospect of an immediate separation; but that such agreements between parties living together amicably and without a present intention to separate, are held to be against public policy and void, since they have a tendency to promote separation and divorce. It was further held in that case that the destitute wife was entitled to suit money as a means of defending her husband's suit; but that was so held on the ground that the agreement there considered had been fraudulently obtained and was invalid because not made, as falsely stated on its face, pursuant to the separation of the parties or in contemplation of an immediate separation, but at a time when they were living together with the avowed intention of continuing to live together as husband and wife and because the contract was not fair and reasonable and undertook to divest the wife of all interest in her husband's property, of the value of $5000, without giving her a penny in return, even the nominal consideration of $1 not having been paid. That case is cited by learned counsel for appellant in support of the contention that these

204 M. A.—27

parties lived together as husband and wife after the agreement had been entered into. They further cite in support of that contention Roberts v. Hardy, supra, and Harrison v. Harrison, a decision by the Kansas City Court of Appeals, not yet officially reported but see 211 S. W. 708. In all these cases the facts negatived the idea of an actual separation or intent to do so. In the latter case especially, it appeared that after entering into agreement of separation the parties had resumed marital relations, and that the defendant in the case had returned to plaintiff and they. resumed their marital relations, so that the cause which led to the separation ceased and it followed that the property which the husband had released to the wife, by his course of conduct through seven years in letting her continue to manage and dispose of it as her own, had thereby became hers as by a gift or voluntary settlement. None of these cases meet the facts here. In the one at bar we do not think that the few days that these parties continued to occupy the same house after the signing of the agreement, at all affects the validity of the contract made be· tween them. Their intention to separate was never changed. Such occupancy was with no intention of resuming or continuing the marital relations, but was occasioned by the immediate and unavoidable circumstances attendant at the sale of the property and procuring of a new residence for each of them. In other words, they had not in any manner whatever resumed their marital relations with the intention of becoming reconciled to each other, and the five or six days that elapsed between the execution of the contract and the actual separation which, according to the petition and testimony of plaintiff, occurred September 25th, in no manner whatever disturbed, vitiated or avoided the contract.

Another obstacle to plaintiff's right to recover alimony, etc., is to be found in the action of the plaintiff in not offering to return the money and property she

received.    We have    stated   the   substance of  the pe-
tition.    No such offer is there made.

In a very thorough and learned consideration of
the status of divorce actions under our statutes, Judge
ELLISON, speaking for the Kansas City Court of Ap-
peals in Gilsey v. Gilsey, 198 Mo. App. 505,   201 S.
W. 588,   held that where the wife entered into a con-
tract of settlement and separation in which all money
and property rights and obligations were adjusted in
consideration of the husband paying her a certain sum
of money, she cannot then bring an action for divorce
and alimony and seek to repudiate the contract without
tendering back the sum received by her under the
contract, holding that the action under the statutes
for divorce, where there has been a valid marriage,
is not an action in equity under our statute although
formerly it was within the jurisdiction of the ec-
clessiastical courts.    We have no such courts:.   Jur-
isdiction in our courts," says Judge ELLISON, "is de-
pendent upon the statute and the action may be said
to be statutory;" and that "where a tender is requi-
site in maintaining a cause of action and none is
pleaded, judgment may be rendered on the pleading."
That is this case.  Plaintiff makes no offer whatever to
return the money which she received or the property
which was turned over to her or any part of it.   She
is not entitled, therefore, to award of alimony or
suit money in this case.

The judgment of the circuit is affirmed.    *Allen*
and *Becker, JJ.,* concur.