## Bridget Newman, Appellee, v. John Newman, Appellant.

## Gen. No. 30,455.

1. HUSBAND AND WIFE—*resumption of marital relations as abrogating decree of separate maintenance.* Where following the entry of a decree for separate maintenance the parties resumed marital relations and lived together as husband and wife for a period of three months, and there was no evidence to show that the reconciliation was not genuine and in good faith, the decree was abrogated by the act of resuming relations.

2. HUSBAND AND WIFE—*termination of alimony order in separate maintenance decree by resumption of marital relations.* Where following entry of a decree for separate maintenance the parties abrogate the decree by resuming matrimonial relations, an order for the payment of alimony included in such decree thereby becomes void.

Appeal by defendant from the Circuit Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1925. Reversed. Opinion filed March 29, 1926.

EUGENE L. MCGARRY, for appellant; OTTO L. KOLAR, of counsel.

DANIEL MADDEN, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by John Newman from an order of the circuit court of Cook county of July 31, 1925, finding Newman guilty of contempt of court for failure to pay his wife, Bridget Newman, alimony amounting to $125, under a decree of separate maintenance, and directing that Newman be committed to the county jail.

The decree of separate maintenance was entered on October 22, 1924. In the latter part of January, 1925, Newman and his wife resumed marital relations and lived together and cohabited until the latter part of

April, 1925, when they separated again. The order appealed from finds that from June 27, 1925, to the date of the order there is due to the complainant the sum of $125.

In our view of the case the only question to be determined is whether the decree of separate maintenance has been abrogated by the resumption of the marital relations by the parties after the decree. It is admitted that after the decree Newman and his wife resumed marital relations and lived together and cohabited for a period of about three months. There is no evidence that Newman resumed the marital relations for the purpose of depriving his wife of her rights under the decree. As far as the record shows the reconciliation was made in good faith by Newman and was genuine.

In our opinion the resumption of marital relations by the parties abrogated the decree of separate maintenance, and consequently the order for alimony under the decree is void. We have not been referred to any case in which the Supreme Court of Illinois has decided the precise question, but our conclusion is sustained by analogous principles announced in the cases of *Boyd v. Boyd*, 188 Ill. App. 136, 138, 140; *Kuntz v. Kuntz*, 80 N. J. Eq. 429, 430, 431; *Shelthar v. Gregory*, 2 Wend. (N. Y.) 422.

In the case of *Boyd v. Boyd, supra*, it was held that a separation agreement between husband and wife was abrogated by the resumption of marital relations. In support of its opinion the court cited the following cases: *Shelthar v. Gregory, supra*; *Carson v. Murray*, 3 Paige (N. Y.) 483; *Zimmer v. Settle*, 124 N. Y. 37; *Wells v. Stout*, 9 Cal. 479; *Smith v. King*, 107 N. C. 273; *Archbell v. Archbell*, 158 N. C. 408; *Roberts v. Hardy*, 89 Mo. App. 86; *Gaster v. Gaster's Estate*, 90 Neb. 529; *Knapp v. Knapp*, 95 Mich. 474.

In the case of *Kuntz v. Kuntz, supra*, the husband and wife resumed marital relations while a bill for

separate maintenance brought by the wife was pending, and the court held that the reconciliation "abrogated the cause of action."

In the case of *Shelthar v. Gregory, supra,* on a separation agreement between husband and wife a bond was given by the husband to secure the separate maintenance of the wife. Subsequently they became reconciled and lived together. The court held that the resumption of the marital relations terminated the separation agreement and that "the bond which had been given for her separate maintenance must fall with the contract or agreement out of which it arose and upon which it was founded." The court further held that a subsequent abandonment of her husband by the wife would not revive the bond that the husband had given to the wife.

Since we are of the opinion that the order for alimony under the decree is void, it follows that the order finding Newman guilty of contempt for failure to pay alimony and directing that he be committed to the county jail, is also void.

For the reasons stated the order of the trial court is reversed.

*Reversed.*

MATCHETT, P. J., and McSURELY, J., concur.