## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### OCTOBER TERM, 1904.

*(Continued from Volume 109.)*

## JAMES T. BEATTY, Respondent, v. A. P. CLARK-SON, Appellant.

**Kansas City Court of Appeals, November 28, 1904.**

1. **PARTNERSHIP: What Is Not: Crop.** Where the object is to divide the crop between the parties it is not a partnership.
2. ———: ———: **Testimony.** A partnership does not exist between parties associated in a common undertaking unless each has the right to manage the whole business and to dispose of the entire property involved in the enterprise; and evidence and the record fails to show a partnership between plaintiff and defendant.

3. ———: ———: **Instruction.** It is not error to refuse an instruction included in others.
4. **APPELLATE AND TRIAL PRACTICE: Attorney and Client: Misconduct: Harmless Error.** It is highly improper for the plaintiff's attorney in his closing speech to call the jury's attention to the verdict in the justice's court, but where the error is entirely harmless it is not cause for reversal.

### On Motion for Rehearing.

5. **REPLEVIN: Partial Finding for Plaintiff: Judgment: Appellate Practice.** Where the jury finds that only a part of the replevined property belongs to plaintiff, the defendant is entitled to a

judgment against plaintiff and his sureties for the remaining articles; but he should call the trial court's attention thereto in a proper manner and can not raise the point for the first time in the appellate court.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*N. T. Gentry* and *Wellington Gordon* for appellant.

(1) The court erred in overruling defendant's demurrer at the close of plaintiff's evidence, and also at the close of all the evidence. As there was a partnership existing between plaintiff and defendant, in regard to the hogs and corn, the plaintiff's suit could not be maintained, and the justice of the peace had no jurisdiction, as there had been no settlement of their partnership affairs. Newberger v. Friede, 23 Mo. App. 631; Rankin v. Fairley, 29 Mo. App. 593. (2) As a suit between partners would be equitable in its nature, the justice had no jurisdiction over this controversy. Sandidge v. Hill, 70 Mo. App. 71; Kelchner v. Morris, 75 Mo. App. 589; Morris v. McMahan, 75 Mo. App. 499. (3) If the justice had no jurisdiction over the subject-matter, the circuit court acquired none by reason of the appeal. Haggard v. Railroad, 63 Mo. 302; Gist v. Loring, 60 Mo. 487; McQuiod v. Lamb, 19 Mo. App. 153; Bank v. Doak, 75 Mo. App. 332. (4) Besides, an action of replevin can not be maintained by one joint owner against another. Miller v. Crigler, 83 Mo. App. 406; Pulliam v. Burlingame, 81 Mo. 111; Spooner v. Ross, 24 Mo. App. 598; Fleming v. Clark, 22 Mo. App. 218. (5) Error was committed in the giving of plaintiff's instruction numbered 3. (6) Error was also committed by the trial court in refusing defendant's instruction numbered 2. Ingals v. Ferguson, 138 Mo. 358; Westbay v. Milligan, 89 Mo. App. 294; Miller v. Crigler,

supra; Cobzy on Replevin, sec. 229; Freeman on Co-
tenants, sec. 289; Cross v. Hulett, 53 Mo. 398. (7) We
submit that the defendant was prejudiced by improper
remarks of plaintiff's counsel in his closing argument.
Evans v. Trenton, 112 Mo. 390; Haynes v. Trenton,
108 Mo. 123; Ritter v. Bank, 87 Mo. 574; Wilbur v.
Railroad, 48 Mo. App. 224; Norton v. Railroad, 40 Mo.
App. 642; Marble v. Walters, 19 Mo. App. 134; Gibson
v. Zeibig, 24 Mo. App. 65; McDonald v. Cash, 45 Mo.
App. 80; Holliday v. Jackson, 21 Mo. App. 660. (8)
The jury by its verdict, gave plaintiff the hogs, corn,
millet seed, plow, over-jet and wagon bows, but made
no finding as to the two steers, stack of hay and cord
wood. Thereupon; the trial court entered up judgment
in favor of plaintiff for the property mentioned in the
verdict, but nothing was said in the judgment about
the steers, hay and cord wood. The defendant was
entitled to have a judgment in his favor for the prop-
erty which the jury decided did not belong to the plain-
tiff. Hitch v. Heiman, 81 Mo. App. 370; Ingalls v. Fer-
guson, 138 Mo. 368; Updyke v. Wheeler, 37 Mo. App.
685; Wells on Replevin, sec. 744.

*J. L. Stephens* for respondent.

(1) The court overruled the demurrer because
having heard the entire testimony, it found there was
no partnership interests in the property. (2) As
to the second error wherein complaint is made of in-
struction numbered 3, this instruction, plainly and fully
declares the law of the case. (3) Attorneys for ap-
pellant complain of the court's refusal to give instruc-
tion numbered 2 offered by appellant.

BROADDUS, J.—This is a suit in replevin for
the following personal property, viz.: Six Berkshire
pigs; two Poland China brood sows; seven Poland
China shoats; four spotted Poland China shoats; five

suckling pigs; three half-breed Poland China pigs; two yearling steers, one brindle and one short horn and Jersey; 1 stack of hay; 25 bushels shucked corn in the crib; 1 side-breaking plow; one-half interest in 4 cords of wood; 2 bushels of millet; and one over-jet and bows for wagon. The case originated in a justice's court where it was tried and then appealed to the circuit court where the judgment was for plaintiff, from which defendant appealed to this court.

The chief ground urged for reversal is that the evidence showed that the property claimed was partnership property; therefore, the plaintiff not being entitled to the sole and exclusive possession, could not recover. Plaintiff's evidence tended to show that defendant had no interest in any of the property, but that plaintiff was the sole and exclusive owner thereof, except as to the wood and the hay. Plaintiff's evidence as to the wood was that if he would cut it he was to have one-half and defendant the other half; and as to the hay, it was cut on shares with the agreement that the parties should share alike. There was evidence that there was a crib of corn which was called partnership corn by plaintiff and that he fed his hogs from this crib, but this corn was consumed and is in no way involved in this suit.

The evidence of defendant was that he made a verbal contract with plaintiff to the effect that he would give him one-half of what was raised on the place; that the agreement was that the wood was to be cut on shares; and that the hay was to be harvested on a similar agreement. He also testified that he furnished plaintiff the money to buy one sow, and part of the purchase price of another. Also, that the corn raised on the farm was gathered and put in three pens, one for plaintiff, one for defendant and one called the "partnership crib;" that the hogs were fed out of the last named crib until the corn was exhausted, when they were then fed half from his crib and half from

plaintiff's crib; and that the hay was divided and that plaintiff replevied his stack. This the plaintiff admits, but testified that as defendant took his stack he replevied the other belonging to the defendant. The jury in its verdict failed to find that plaintiff was entitled to the possession of the hay and wood sued for, but found for him for the other property specified.

We do not think the facts showed that a partnership existed between the parties. "Where the object is to divide the crop in kind between the parties, it is not a partnership." [Parsons on Partnership, sec. 61 and note; Donnell v. Harshe, 67 Mo. 170.] In this case the question was fully discussed and afterwards commented on in Ashly v. Shaw, 82 Mo. 76 and approved, wherein the court defined what was not a partnership, viz.: "The relation of partnership does not exist between persons associated in a common undertaking, unless each one has the right to manage the whole business and to dispose of the entire property involved in the enterprise for its purpose, in the same manner and with the same power as all can when acting together." Taking the evidence of the respective parties to the suit, it does not appear that they were partners. Their interests in the animals and crops was in shares. There was no common property which either had the right to manage or sell.

As to that part of the property recovered by plaintiff, the evidence tended to show that defendant had no interest in it whatever. It was a question for the jury to determine whether the plaintiff was entitled to the sole possession of the property; and as it found for him upon the testimony in the case, the finding is conclusive upon this court as it was supported by substantial evidence. In fact, we do not see how the finding could have been otherwise, in view of the opinion heretofore expressed that there was no partnership involved in the issue.

The instructions of the court fairly and correctly

Beatty v. Clarkson.

defined the issue to be tried. And we do not think that there was any error committed in the refusal of defendant's second instruction, as all it contained was substantially included in number one given in his behalf, and in number two given for plaintiff. But with the view we have of the law of the case it was immaterial as under the evidence and the law the verdict in any event should have been for the plaintiff.

The conduct of plaintiff's attorney in calling attention to the verdict of the jury in the justice's court was highly improper and he should have received a severe reprimand from the court for his conduct. But as a verdict for the plaintiff was inevitable, the matter is not a cause for reversal.

Affirmed. All concur.

### OPINION ON MOTION FOR REHEARING.

BROADDUS, J.—The appellant insists that as the plaintiff only recovered for a part of the articles of property sued for, there should have been a judgment in defendant's favor against plaintiff and his sureties on the bond for the remaining articles replevied. The defendant was entitled to such judgment. [Updyke v. Wheeler, 37 Mo. App. 680; Ingals v. Ferguson, 138 Mo. 368; Hecht v. Heiman, 81 Mo. App. 370.]

But defendant is in no position to raise the question on his appeal. He failed to call attention to the matter in either his motion for a new trial or in arrest of judgment. No doubt the trial court would have properly instructed the jury, if so requested, and would have entered the proper judgment if it had been asked to do so.

The question was raised for the first time in this court. It is too late as we have no power to afford the redress asked by the defendant.

Motion overruled.