## GRANT BANNER, Appellant, v. MARY B. BANNER, Respondent.

### Kansas City Court of Appeals, November 23, 1914.

1. **DIVORCE: Alimony Pendente Lite: Contracts for Separate Maintenance.**  Agreements in the nature of postnuptial settlements, having no element of fraud in them are upheld by the courts.  And so are agreements for separation and separate maintenance, if they are reasonable, fair and voluntary and made in prospect of an immediate separation.  And where a reasonable provision is made in a deed of separation for a wife's separate maintenance, she is estopped from suing for further support.

2. ————: ————: ————: **Contract not to Defend.**  But a contract not to defend a divorce suit is void as against public policy and so is a contract which will result in facilitating a divorce.  The public is a silent party to the marriage contract and the parties thereto are without authority to enter into a contract which will bind the public.

3. ————: ————: ————: ————: **Contract not to Claim Suit Money.**  Whether it be true or not that a wife, who has under a settlement received a fair share of the husband's property and is thereby at that time financially able to defend the suit, ought not to be given suit money when she has agreed that the amount received by her shall be in full of such claims, yet this ought not to be binding throughout the indefinite future and without regard to the wife's circumstances at the time suit is brought.  If such an agreement be given force without regard to its real effect upon the trial of the divorce suit then it at least tends to facilitate the obtaining of a divorce since it shuts out opportunity for defense in those cases where there is delay in bringing the suit and, on account of financial misfortune the party agreeing to make no claim is rendered financially unable to defend.

Appeal from Putnam Circuit Court.—*Hon. Geo. W. Wanamaker,* Judge.

AFFIRMED.

*N. A. Franklin* for appellant.

(1) Postnuptial settlements are upheld by the courts. 21 Cyc. 1254. (2) Deeds of separation entered into by husband and wife are likewise upheld. 21 Cyc. 1592. (3) A wife cannot accept one provision of such a deed and repudiate another. State v. Giroux, 47 Pac. 718. (4) The contract of separation proved in evidence in this case is sufficient to bind both parties thereto. Sackman v. Sackman, 143 Mo. 584; Garbut v. Bowling, 81 Mo. 214; Fisher v. Clopton, 110 Mo. App. 663. (5) To support a defense based on a deed of separation, it is not necessary that a trustee be appointed. Fisher v. Clopton, supra. (6) Where there is a provision in a deed of separation for the wife's separate maintenance, she is estopped from suing for further support. Bailey v. Dillon, 71 N. E. 538; Patton v. Patton, 58 Atl. 1019; Powers v. Powers, 53 N. Y. Supp. 346; Com. v. Richards, 18 Atl. 1007; Logan v. Philips, 18 Mo. 22.

*J. C. McKinley* for respondent.

(1) The suit by respondent to set aside the contract of separation and division of property was tried before the same court where the divorce case is now pending, and as the allowance of alimony *pendente lite* in such cases rests in the sound discretion of the court the judgment for suit money should not be disturbed, unless it appears that such discretion has been abused. State ex rel. Gercke v. Seddon, 93 Mo. 520; Adams v. Adams, 49 Mo. App. 592; Mahn v. Mahn, 70 Mo. App. 337; Cope v. Cope, 103 Mo. App. 260; Grove v. Grove,

79 Mo. App. 142; Waters v. Waters, 49 Mo. 385. (2) That part of the contract of separation which provides that, "In the event of any divorce proceedings said Mary Bell Banner is to make no claim for either temporary alimony or alimony in gross," should be held to be void, and against public policy, because it tends to facilitate the dissolution of the marriage contract. Shirk v. Shirk, 75 Mo. App. 573; McClaskey v. Mc-Claskey, 68 Mo. App. 199; Viertel v. Viertel, 99 Mo. App. 710.

TRIMBLE, J.—A wife, on being sued for divorce, filed a motion for alimony *pendente lite*. Some years prior to the institution of the suit the wedded pair had separated and, under a written contract entered into at that time, the wife accepted certain property in full of all her interest and rights in the then present and future estate of her husband. Said contract contained this further provision: "And in the event of any divorce proceedings said Mary Bell Banner is to make no claim for either temporary alimony or alimony in gross."

Upon the filing of the wife's motion for alimony, the plaintiff husband set up the foregoing contract and also set up that in 1913 the wife had brought a suit in equity to set the contract aside for fraud, in which suit she was unsuccessful, and the contract and this judgment were pleaded in bar of her motion for alimony.

The trial court refused to allow anything for maintenance but did allow the sum of $100 for attorney fees and expenses of defending the divorce suit. The husband has appealed.

The motion for alimony alleged that defendant (the wife), has a meritorious defense; that she is without means to defend the suit; that her husband is worth $15,000; that her witnesses live in St. Joseph and in Sullivan county (more than forty miles from the place of trial which is in Putnam county); that she needs

$300 for attorneys fees and for the proper preparation of her defense, and $700 for her own maintenance during the suit.

The separation contract relied upon by the husband to bar the wife's right to suit money is dated September 11, 1909, and recites that the parties being unable to live together, have mutually agreed to adjust and settle their property rights in all property now owned by them or held at any future time. Under it the wife got the use of fifty-nine acres of land until the youngest child should become of age, when forty acres of it should then revert to the husband, and he would then quitclaim to his wife the other nineteen acres to be held by her for life with remainder to him should he survive her, if not, then to his children. At the time of making this quitclaim deed he was to give her $500 provided she fed, clothed and cared for their two minor children until they reached their majority. In addition to the above, the wife was to have one mare and her colt, two cows, three head of hogs, 100 bushels of corn and some stalkfield and pasture. The husband also agreed to pay $87.50 worth of debts which the wife had incurred.

Whether this contract was carried out or not we do not know. We presume, however, that it was. The husband's petition for divorce (which was filed March 20, 1914), alleges that the children are all now of age. There is no attempt to defeat alimony on the ground that as the wife has received a reasonable and fair proportion of her husband's property she is not entitled to any further allowance, nor is it claimed that she is able financially at this time to defend the suit. The sole point is that the above quoted clause in the contract bars her from any right to suit money.

Agreements in the nature of postnuptial settlements, having no element of fraud in them, are upheld by the courts. [21 Cyc. 1254.] So, also, are agreements for separation and separate maintenance, if

made in prospect of an immediate separation, and are reasonable, fair and voluntary. [9 Cyc. 519; 21 Cyc. 1592; Roberts v. Hardy, 89 Mo. App. 86; Fisher v. Clopton, 110 Mo. App. 1. c. 667.] And it is also true that where a reasonable provision is made in a deed of separation for the wife's separate maintenance, she is estopped from suing for further support. She cannot as a rule accept one provision in a contract of separation and separate maintenance and repudiate another. [State ex rel. Gironx v. Gironx, 19 Mont. 149; 21 Cyc. 1595; Bailey v. Dillon, 71 N. E. 538; Patton v. Patton, 58 Atl. 1019.] The trial court, therefore, gave effect to the contract herein when it refused to allow the wife anything further in the way of maintenance. But an allowance for the defense of the suit stands, we think, upon a different footing. A contract not to defend a divorce suit is void as against public policy. [2 Bishop on Mar. Div. & Sepr., sec. 702.] So also is a clause in a contract which will result in facilitating a divorce. [Phillips v. Thorpe, 10 Oregon 494; Shirk v. Shirk, 75 Mo. App. 578.] The public is a silent party to the marriage contract, and the parties thereto are without authority to enter into a contract which will bind the public. [2 Bishop on Mar. Div. and Sepr., sec. 703.]

We do not mean to say that a husband may not make with his wife a valid settlement of the property rights obtained under the marriage, nor that, if he does so, and she is thereby put in possession of a fair and reasonable proportion of his property, and is thereby financially able to defend a suit for divorce brought by him, an agreement therein on her part that such settlement shall cover and include alimony in full will render such settlement null and void. It is not as to alimony for maintenance and support. But an agreement not to make a claim for suit money is an agreement that she will not ask the court to put her in a situation where she can defend the suit. And unless

she admits having received sufficient property from her husband, how is the court to know that the husband's claim that he has fully paid her is true, if she is not provided with sufficient funds to contest his claims? So that to hold that a clause in a contract agreeing not to claim alimony for suit money can be enforced so as to bar her therefrom would be to preclude her from contesting the alleged fact of such contract.

But suppose the contract and the wife's reception of property thereunder is admitted, then, even though it be true, as claimed by plaintiff, that a wife who has, under a settlement, received a fair share of her husband's property and is thereby at that time financially able to defend a divorce suit, ought not to be given suit money when she has agreed that the amount received by her shall be in full of such claims, yet this agreement ought not to be binding upon the court without regard to the wife's circumstances at the time suit is brought. An agreement to make no claim for money with which to defend the suit, even if good at the time, cannot bind the indefinite future. If such an agreement be given force without regard to its real effect upon the trial of the divorce suit, then it is, in reality, an agreement not to defend the suit, or at least tends to facilitate the obtention of a divorce since it certainly shuts out opportunity for defense in those cases where there is delay in bringing the suit, and, on account of misfortune occurring in the meantime, the party agreeing to make no claim is rendered financially unable to defend. When this is the case, surely the clause agreeing not to ask for suit money ought not to be given effect. In the interest of the public, the trial court ought not to be bound by any such agreement, but should be left free to allow such suit money as will enable a proper defense to be made to the end that the marriage tie shall not be lightly dissolved. In the case

at bar the agreement to make no claim for suit money was made in 1908. Suit for divorce was not brought until 1914. In the meantime the wife has reared the children to maturity and forty acres of the land she was using has reverted to the husband to be enjoyed by him along with his other lands. If now, after the lapse of these years and after the expense of rearing the children has been paid, the wife is financially unable to defend the suit, then the clause saying she will make no claim for funds with which to make such defense, if absolute and binding, becomes a contract tending to facilitate the husband's divorce since it prevents the wife from making a defense. To this extent it is void as against public policy. The clause relied upon by the husband as a bar to her claim for suit money is, therefore, without effect. The judgment is affirmed. All, concur.