FANNY J. BEARDSLEY v. JOHN P. BASS, Adminis-
    trator of Estate of HERBERT C. BEARDSLEY,
    and ESTELLA B. BASS, Appellants.

Division One, April 9, 1921.

HUSBAND AND WIFE: Contract Looking to Divorce Void: Non-
    Severable Clauses. A married couple entered into a contract
    whereby the husband agreed to pay the wife $200 per month dur-
    ing the rest of her life unless she should decide that she wished
    to remarry, in which case he was to secure a divorce on the grounds
    of desertion, the monthly payment to start as soon as the wife
    should leave him and to cease when he should be notified of her
    desire to remarry. Other clauses provided that he should keep
    alive a certain $12,000 policy of life insurance for her benefit,
    to be discontinued, however, upon her remarriage; that if he died
    first she should inherit all his property, provided she had not
    remarried in the meantime; that she should at any time sign any
    deed or other instrument necessary to enable him to conduct his
    real estate or other business; that she should in no way interfere
    with or obstruct him in the conduct of his business; that in case
    of her remarriage she should transfer to him all her rights in his
    property and in any property that they might have conjointly;
    that she would sign no legal paper of any kind without his per-
    mission, and would incur no debt to be paid by him; and that the
    furniture in the flat then occupied by them should be sold and
    the proceeds divided equally between them. *Held*, first, that this
    contract in its entirety was void, because it was intended to pro-
    mote and facilitate a divorce; and, *second*, that the other provisions
    could not be validated by eliminating the divorce clause, since the
    contract was not severable.

Appeal from Buchanan Circuit Court.—*Hon. Lawrence
                A. Vories,* Judge.

REVERSED.

W. B. Norris and W. M. Morton for appellants.

    Contracts facilitating actions for divorce are void
and illegal and any promise founded on such an agree-

ment is not enforceable. Blank v. Nohl, 112 Mo. 169; Hudson v. Hudson, 176 Mo. App. 69; McDonald v. McDonald, 175 Mo. App. 513; Banner v. Banner, 184 Mo. App. 396; Hamilton v. Hamilton, 89 Ill. 349; Sayles v. Sayles, 21 N. H. 312; Davis v. Hinman, 73 Neb. 850, 103 N. W. 668; Barngrover v. Pettigrew, 128 Iowa, 533, 104 N. W. 904; Muckenberg v. Haller, 29 Ind. 139; Seelly's Appeal, 56 Conn. 202, 14 Atl. 291; Smutzer v. Stinson, 9 Colo. App. 326, 48 Pac. 314; Beard v. Beard, 65 Cal. 354, 4 Pac. 229.

*Eastin & McNeely* for respondent.

The contract is legal. 9 Cyc. 521; 21 Cyc. 1592; Garbut v. Bolling, 81 Mo. 214; Rough v. Rough, 195 S. W. 501. It contains no illegal provision. The words complained of are: "Unless the said party of the second part should decide that she wishes to remarry, in which case it is fully agreed that the said party of the first part shall secure a divorce on the ground of desertion." The situation of the parties, as it is made to appear by the whole contract, must be considered in arriving at a correct interpretation of this language. The agreement is one for permanent separation. The husband agrees to pay the wife $200 per month while she is living apart from him and "during the rest of her life." By a succeeding paragraph he agrees "to continue the payments (on life insurance) which is and shall be payable to the party of the second part at the decease of the said party of the first part." The parties therefore contemplate that they shall remain husband and wife, even though separated, until the relation shall be dissolved by the death of one of them. If the wife should decide that she wanted to re-marry, that would be an abandonment or desertion, and would give the husband the right to a divorce, and he also claimed the right (and it was so written in the contract) to a cessation of the payments he had agreed to make. Even if the divorce provision is illegal it is separate from the other parts of the con-

tract and they are enforcible. Wharton, Contracts, sec.
338; McCullough v. Smith, 243 Fed. 832; Rosenblatt v.
Townsley, 73 Mo. 536.

WOODSON, P. J.—This is a bill in equity brought
by the plaintiff against the defendants in the Circuit
Court of Buchanan County to specifically enforce a con-
tract made and entered into between husband and wife
as set forth in the petition, which reads as follows:

"Plaintiff for cause of action against the defendants
states that she is the widow of Herbert C. Beardsley
deceased; that defendant John P. Bass is the administra-
tor of the estate of Herbert C. Beardsley, deceased, duly
appointed and qualified by the Probate Court of Buchan-
an County, and that defendant, Estella B. Bass, is the
wife of said John P. Bass, administrator aforesaid, and
only surviving sister of Herbert C. Beardsley, deceased;
that said Herbert C. Beardsley left surviving him no child
or children and no descendant of a deceased child and
no brother or sister other than the said Estella B. Bass.

Plaintiff further states that on the 20th day of
November, 1916, she entered into a contract with said
Herbert C. Beardsley, by the terms of which the said
Herbert C. Beardsley for a valuable consideration agreed
either to convey or assign or devise to plaintiff, all the
property, real or personal, which he might own at the
date of his death; that said contract is in words and
figures as follows:                          .

" 'This agreement, made and entered into this 20th
day of November, 1916, by Herbert C. Beardsley, party
of the first part, and Fannie C. Beardsley, party of the
second part, both parties being of Buchanan County,
State of Missouri, as follows:

Said party of the first part agrees to pay to the said
party of the second part, while the said party of the sec-
ond part is living apart from the said party of the first
part, the sum of $200 per month or $46.16 per week dur-
ing the rest of her life, unless the said party of the sec-
ond part should decide that she wishes to re-marry, in

which case it is fully agreed that the said party of the first part shall secure a divorce on the grounds of desertion and said payments to be made by him shall cease from the date he is notified that the said party of the second part wishes to marry again. These payments are to start as soon as said party of the second part leaves the said party of the first part.

" 'It is further agreed that the said party of the first part shall continue the payments on the $12,000 policy of life insurance in the New York Life Insurance Company, which is and shall be payable to the said party of the second part at the decease of the said party of the first part as per term of said policy. Said insurance to be discontinued at the re-marriage of the said party of the second part.

" 'It is further agreed that if the party of the first part should die before the party of the second part, that she, the party of the second part, is to inherit all realty and such other property that is in the name of the said party of the first part at the time of his demise, provided, that she has not remarried by that time.

" 'It is further agreed by the party of the second part that she will at any time sign promptly any deeds or other instruments of writing necessary for said party of first part to properly trade, transfer or otherwise conduct his real estate or any other business that he may be engaged in.

" 'It is further agreed that the said party of the second part will in no way interfere with or obstruct the said party of the first part in the conduct of any business that he is in or may engage in, or in any employment that he may seek or hold.

" 'It is further agreed that in case of the re-marriage by the said party of the second part, that she will, previous to said marriage, transfer by proper deed, all rights, title and interest that she may have at that time in any or all property of said party of the first part to him and all rights, title or interest that she may have in any property, real or personal, held conjointly by both parties to this agreement.

" 'It is further agreed by the said party of the second part that she will sign no legal papers of any kind, notes or other articles of indebtedness, without the permission and consent of said party of the first part. That she will incur no bills or other indebtedness that will have to be paid by the said party of the first part.

" 'It is further agreed that the furniture, etc., now contained in the flat at 216½ North Eighth Street, St. Joseph, Mo., now occupied by the two parties to this contract, shall be sold and the proceeds divided equally between the two parties agreeing herewith, excepting (a) such articles that have been given as presents to the said party of the second part, which are and shall be her individual property, (b) such books as the said party of the first part may want, also one writing desk.

" 'We, the said parties of the first and second part have herewith attached our signatures to the above articles of agreement, in duplicate, one copy to be kept by each party, the day and date above mentioned at St. Joseph, Buchanan County, Missouri.' "

To this bill the defendants filed a demurrer, which the court overruled and the defendants declining to plead further, rendered a decree for the plaintiff as prayed for.

From that judgment the defendants duly appealed to this court.

I. Several errors are assigned, but from the view we take of the case it will be necessary to consider but one of them, and that is that the contract shows upon its fact that it was a contract of separation made by and between husband and wife, and for a decree of divorce to be rendered in a case to be brought by him against her upon the grounds of desertion. The contract in that regard reads: that the husband was to pay the wife $200 per month unless she should decide that she wanted to remarry, in which case it was agreed that "he shall secure a divorce on the grounds of desertion and said payments to be made by him shall cease from date that he is noti-

fied that the said party of the second part wishes to marry again.''

This contract clearly contravenes Section 2371, Revised Statutes 1909, which provides that ''the petition [for divorce] shall state the facts of the case, and be accompanied by an affidavit that the facts stated herein are true, and that the complaint is not made out of levity or by collusion, fear or restraint between the parties for the mere purpose of being separated from each other, but,'' etc.

Counsel for respondent, with more plausibility than sound argument, contends that this clause can be eliminated from said contract and not change the meaning thereof, and the remainder would still constitute a valid and binding contract, and therefore enforcable in a court of equity.

After careful consideration of that argument we are unable to lend our concurrence thereto, and do not believe that the contract would ever have been entered into, had that clause been omitted at the time of its execution.

For the reasons stated we are of the opinion that the contract was void, and non-enforceable and for that reason the judgment of the circuit court is reversed and a decree is here rendered for the defendants. *Graves, J.,* concurs in separate opinion, in which *James T. Blair* and *Elder, JJ.,* concur.

GRAVES, J. (concurring).—I concur in the result reached by my learned brother in this case but do not agree that the statute he cites is relevant to the issues involved. This statute only pertains to pleadings in a divorce suit. It has no reference to contracts which are void as against public policy. It is true that the same public policy which voids collusive contracts as to divorces prompted this statutory provision as to pleadings in a divorce suit. But this statute does not make contracts void.

The real question is whether or not the contract pleaded is void because violative of public policy. The

learned counsel for respondent contend (1)  that the contract is not void as being against public policy, and (2) that if a portion of the contract is void for such reason, such portion is severable from the remaining portions, and the remaining portions can be specifically enforced.  Appellants contend contra on. both propositions.

In Blank v. Nohl, 112 Mo. l. c. 169, it is said:  ''The authorities are numerous to the effect that any agreement that the defendant in a divorce suit will not make a defense, or having for its object the dissolution of a marriage contract, *or designed to promote and facilitate a divorce* is void, because opposed to the policy of the law; and any promise founded on such an agreement is also void, and should not be enforced.''

The italics, supra, are ours.  This is the public policy of Missouri succinctly stated, and we do not understand that respondent's counsel seriously controvert this view. They contend that the contract set out in the petition does no violence to this rule of law.  They urge that if the wife decided to marry again that such decision would amount to desertion, and the contract only provides for a right which the husband would have under the law, i. e. sue for divorce because he had been deserted.  The particular clause reads:  ''Unless the said party of the second part should decide that she wishes to re-marry, in which case *it is fully agreed that the said party of the first part shall secure a divorce on the grounds of desertion* and said payments to be made by him shall cease from the date that he is notified that the said party of the second part wishes to marry again.''

The italics, supra, are ours.  Note the use of the word ''shall'' as used, supra.  There is nothing left (if the contract is to be lived up to) but for the husband to sue the wife for divorce whenever she notifies him that she desires to marry again.  But this is not all. No fair interpretation of this contract can exclude the idea that the parties were likewise agreeing that there should be no defense made to the suit which the contract com-

pelled the husband to bring. This idea is not expressed in definite terms but the whole tenor of the instrument so shows.

This clause, in my judgment, voids the whole contract. I do not believe that it is severable from the remaining clauses. It constitutes a vital portion of the agreement. It gives tinge and color to the whole instrument. It was "designed to promote and facilitate a divorce." To the wife it says, all you have to do is say you want to marry again and your husband must sue you for divorce. *Inter alia*, it further indicates to her "but if he does, you must not defend." I feel that this contract cannot be upheld, and that the judgment in the circuit court is wrong and should be reversed and judgment entered here dismissing plaintiff's bill. *James T. Blair* and *Elder, JJ.*, concur in these views.