J. S. WESTFALL, Appellant, v. LAURA WESTFALL,
Respondent.

Springfield Court of Appeals, January 14, 1922.

1. **DIVORCE:** Alimony Contracts Valid Where not Made Too Long
Before Suit for Divorce, Epecially Where Parties do not Live To-
gether Afterward. Contracts between husband and wife for pay-
ment of alimony are valid, where no long time intervenes between
the making thereof and the commencement of divorce proceedings,
especially where there is no showing that the parties were recon-
ciled or abandoned the force of the contract by living together.

2. **CONTRACTS:** Contract Barring Defendant Wife's Right to Suit
Money and Attorney's Fees Held Invalid as Against Public Policy,
Being Collusive. A provision in a contract between a husband and
wife for the payment of alimony that such contract should. act
as a bar to the wife's right to recover suit money, attorney's fees,
or other costs, if either party sued for divorce, *held* not to bar
the wife's recovery thereof when sued for divorce by the husband,
where she was without means of her own, her character was seri-
ously attacked, and the judgment was that she was the innocent
party; a contract denying the right to contest divorce proceedings
being collusive, and therefore invalid as against public policy.

Appeal from Circuit Court of Butler County.—*Hon. Al-
mon Ing,* Judge.

REVERSED AND REMANDED (*with directions*).

*John McAnally* and *Ward & Reeves* for appellant.

(1)    An appeal lies from an order granting ali-
mony and alimony *pendente lite.* Adams v. Adams, 49
Mo. App. 592; State ex rel. v. Seddon, 93 Mo. 520; Marx
v. Marx, 94 Mo. App. 172; Motley v. Motley, 93 Mo. App.
473. (a)    The power of the court to enforce an order
for alimony *pendente lite,* though an adjunct to an ac-
tion for divorce, is an independent proceeding standing
on its own merits, and in no way dependent on the mer-
its of the issues in the divorce suit, or in any way af-

fected by the final decree thereon. State ex rel. Gercke v. Seddon, 93 Mo. 520. (2) Since the Married Woman's Act, she may contract and be contracted with, sue and be sued, and have enforced against her contracts, judgments, etc., and she can contract with her husband with the same freedom as with any other individual. Sec. 7323, R. S. 1919; Rice, etc. Co. v. Sally, 176 Mo. 107; O'Day v. Meadows, 194 Mo. 588; Bowers v. Daniel, 98 Mo. 289, 320. (3) A contract may be entered into between husband and wife before divorce is granted settling their property rights, her right of dower, alimony and alimony *pendente lite*. Gilsey v. Gilsey, 195 Mo. App. 407; Crenshaw v. Crenshaw, 276 Mo. 471; 19 C. J. 218. (4) A wife who has voluntarily accepted the provisions, benefits and fruits of a void decree, or of a void contract, is estopped to dispute that it bars her. Ecton v. Tomlinson, 212 S. W. 865, 867.

*Hall & Billings* and *R. W. Ely* for respondent.

(1) Respondent formally concedes that an appeal lies from an award of temporary alimony; suit money, and that the same is independent of the cause on the final merits. (2) A wife can contract with her husband directly. However such contract touching the marriage relation must not facilitate and promote divorce or encourage separation, or be collusive. See Authorities cited by appellant under this point, and Speck v. Dausman, 7 Mo. App. 165; Shirk v. Shirk, 75 Mo. App. 578; Blank v. Nohl, 112 Mo. 159; 13 C. J. 463; 9 Cyc. 519; 2 Bishop, Mar. Sep. & Div., sections 702, 703. (3) No contract may be made between husband and wife that promotes and facilitates a divorce by attempting to bar suit money, attorneys' fees, and costs. Banner v. Banner, 184 Mo. App. 396; Speiser v. Speiser, 188 Mo. App. 328; Harrison v. Harrison, 201 Mo. App. 465; Beardsley v. Bass, 229 S. W. 1092; Blank v. Nohl, 112 Mo. 159; Speck v. Dausman, 7 Mo. App. 165; 2 Bish. Mar., Sep. & Div. sec. 702, 703; 13 C. J. 463; 9 Cyc. 519.

(4)    The rule as to barring dower does not apply to suit money and attorneys' fees and costs. Ecton v. Tomlinson, 212 S. W. 865.

FARRINGTON, J.—This judgment is the result of a divorce trial in which J. S. Westfall, plaintiff, sued his wife, the defendant.    A cross-bill was filed by the wife, and after a hearing on the whole case the trial court granted the wife a decree of divorce finding that she was the innocent and injured party.    In addition to this the court allowed her $300 alimony in gross and $200 attorney's fee in the nature of suit money.    The plaintiff being required by the judgment to pay all the costs.

There is no contention whatever concerning the decree of divorce as both parties seemed to be satisfied with that, but the contention is over the allowance of $300 alimony in gross and $200 attorneys' fee and suit money.

The plaintiff, appellant, contends that the judgment is wrong, and as a reason therefor points to a contract introduced in evidence which was made on the 10th day of April, 1920, between the parties in which the defendant was to receive $1500, which was accepted by her as payment in full of all of her rights of dower, homestead or other interests in and to the property, both real and mixed, of the said J. S. Westfall.    The contract further provides that she agreed to sign all deeds or mortgages which affected the title to the real estate belonging to her husband, J. S. Westfall.    Another provision of this contract, around which the whole battle is fought, is as follows:    "It is understood and agreed that the above is in full settlement of all property rights of the parties hereto, and in the event that in the future suit by either party should be prosecuted for a divorce from the bonds of matrimony, then this contract shall act as a bar to any rights to alimony, suit money, attorneys' fees or other costs."

In this suit the plaintiff, the husband, charged his wife with a number of offenses which would entitle him to a divorce, some of which were of such a nature as went to her character as to chastity and virtue. We mention this in particular because of the holding we make concerning the provision of the contract wherein it is agreed that the amount paid on the date the contract was entered into would forever bar any recovery on account of attorney's fees or suit money.

The two questions before us for decision here are, first, was the contract a valid contract so far as it covered the question of alimony in gross? This question has been thoroughly determined in this State, and to go into a discussion of it would be futile. The following cases clearly uphold the making of contracts between husband and wife which dispose of the question of alimony, where no long time intervenes between the making of the contract and the commencement of divorce proceedings, and especially in cases such as this, where there is no showing that the parties were reconciled or had abandoned the force of the contract by living together. The testimony shows that part of this $1500 was paid at a time after which there was never any communication or living together between the parties. We therefore hold that under the authority of Crenshaw v. Crenshaw, 276 Mo. 471, 208 S. W. 249; Gilsey v. Gilsey, 195 Mo. App. 407, 193 S. W. 858, that portion of the contract in this case which disposes of the alimony in gross is in full force and effect, and that the court erred in the judgment herein when he allowed an additional amount of alimony in gross of $300.

The next question comes up under the provision which undertakes to deny to the wife the right to ask for suit money or attorney's fee. This is a question that also has been recently decided in this State, and it is held without any apparent dissension that a contract which undertakes to deny the right of parties to contest divorce proceedings brings about the same result as collision, and that therefore, the public having an in-

terest in all questions of separation of husband and wife, such provisions are held void on the ground that they are against public policy. In this case it was shown the wife was without means of her own to hire attorneys to fight this divorce suit brought by her husband in which her character was seriously attacked, and the result of the judgment, which was that the wife was the innocent and injured party and was entitled to the decree of divorce, shows the wisdom of holding such provisions as a violation of public policy. As was said by GRAVES, Judge, in the case of Beardsley v. Bass, et al., 229 S. W. 1092, l. c. 1094, the public policy of Missouri has been stated in Blank v. Nohl, 112 Mo. loc. cit. 169, 20 S. W. 479, where it is held that "any agreement that the defendant in a divorce suit will not make a defense, or having for its object the dissolution of a marriage contract, or designed to promote and facilitate a divorce is void, because opposed to the policy of the law; and any promise founded on such an agreement is also void, and should not be enforced."

The identical point was passed upon in the case of Banner v. Banner, 184 Mo. App. 396, 171 S. W. 2, which holds that any contract not to defend a divorce suit is void against public policy, and so is a contract which will result in facilitating a divorce.

The provision in the contract in the case at bar falls clearly within the rule laid down in the two cases last above cited. We must therefore hold that that provision of the contract is void, and that the trial court very properly allowed an attorneys' fee for the defendant in this case who was forced to go into court by a plaintiff in order that her rights might be protected. We, therefore, hold that the judgment rendered in this case be reversed and the cause remanded to the trial court with directions to enter a new judgment in the case, it to be a judgment the same as that which we are reversing with the exception that there be no alimony in gross allowed this defendant.

*Cox, P. J.,* and *Bradley, J.,* concur.