## McCLURE et al. v. MAY.
### No. 5912.

Court of Civil Appeals of Texas. Amarillo.
Dec. 6, 1948.

Rehearing Denied Jan. 10, 1949.

Moore & Moore, of Paris, for appellants.
C. C. McKinney, of Cooper, for appellee.

STOKES, Justice.

This is a suit in trespass to try title filed by the appellee, Joel A. May, on August 12, 1947, against the appellants, C. R. McClure and C. R. McClure, Jr., in which the appellee sought to recover of appellants the title and possession of 13.48 acres of land. Appellants answered by a general denial, plea of not guilty and specially alleged that they and those whose title they held had been in peaceable and adverse possession of the tract of land, cultivating, using, and enjoying the same for more than ten years after appellee's cause of action, if any, accrued, and they claimed title thereto under Article 5510, R.C.S.1925, commonly known as our ten year statute of limitation.

The case was submitted to a jury upon two special issues, in answer to the first of which the jury found against appellants on their plea of limitation and adverse possession. The other special issue pertained to the rental value of the land and is not material in this appeal. The court entered judgment in favor of appellee in accordance with the verdict of the jury and appellants perfected an appeal to the Court of Civil Appeals at Texarkana. The case is before us for review upon an order of the Supreme Court equalizing the dockets of the courts of civil appeals.

The undisputed testimony showed that appellee purchased 103½ acres of land from Herman Simmons on the 15th of March, 1945, of which the tract of 13.48 acres here involved was a portion. It is undisputed that the record title to the land in controversy was in the appellee, appellants' only claim thereto resting upon their allegations and contention that they and their predecessors in title had been in possession of it and occupied it in the manner and for the length of time necessary to perfect a title by limitation and adverse possession of ten years. In October or November, 1937, appellants purchased from John Mayo the land lying immediately east of appellee's 103½ acre tract. Not being familiar with the lines, they took possession of the land in controversy, although it was not included in their deed. They held possession of it until this suit was filed on August 12, 1947. Thus it will be seen that they lacked a few months, at least from August 12 to October or November, 1947, of being in personal possession of the land for the full period of ten years. They sought to prove by their witness, Carrie Ford, possession and occupancy of the 13.48 acres by their predecessor in title for a length of time necessary to complete the possession and occupancy as required by the statute and they admit in their brief that, without her testimony, they failed to establish, by a preponderance of the evidence their claim to title by limitation and adverse possession. The court sustained objections to the testimony of Carrie Ford and that action of the court constitutes the basis of the first complaint and assignment of error. The testimony was objected to as being incompetent and inadmissible because it did not consist of statements of fact or knowledge of the witness but of mere conjectures, guesses and assumptions. Carrie Ford owned an interest in land lying immediately west of the tract purchased by appellants in 1937 and they asked her whose land lay immediately east of and adjoining her tracts. Her reply was, "Well now I wouldn't be sure but I just thought Aunt Martha owned it, I just assume, I just don't know." This testimony was objected to by the appellee and the court sustained the objection. The witness was then asked what her reason for thinking that her Aunt Martha Smith's land lay immediately east of hers, in answer to which she said, "Well I just knew that we had a piece in there and I thought it jutted Aunt Martha's." She was then asked what she thought with respect to the amount of land her Aunt Martha owned which lay east of the witness' land, to which an objection was sustained by the court. In answer to other questions propounded by appellants' counsel she stated that she thought her Aunt Martha's land surrounded her own land on the east and north but that she never had surveyed the land and was never present when any surveys were made and the lines located. She stated that her testimony was, "Just what I think," and that she thought her uncle's land and her Aunt Martha Smith's land joined her on the north and east. The court sustained objections to all of this testimony upon the ground that it was conjecture; that it consisted only of the witness' beliefs and guesses and that it was incompetent and was therefore inadmissible.

Appellants assert that, if the testimony of the witness, Carrie Ford, had been admitted, it might have constituted a preponderance of the evidence pro and con with reference to the adverse possession and occupancy of the 13.48 acre tract involved by their predecessors in title for a period of time prior to the date when appellants purchased their land and took possession of the 13.48 acres sufficient to complete the adverse possession and occupancy of more than ten years.

In our opinion the proffered testimony was clearly inadmissible. It consisted only of the understanding, impression and belief of the witness. She testified to no fact whatever. Her testimony was replete with such expressions as "I thought" and "I assume." At one place she made the statement in reference to all of her testimony that, "It's what I think." What she said amounted to no more than an expression of her opinion and conclusion. Her testimony threw no light whatever upon the facts and did not reveal any circumstance that could have been material in establishing appellants' title. It has long been the rule that incompetent testimony cannot form the basis of a finding of fact. Those claiming land cannot establish their title by conclusions and opinions of witnesses. Such conclusions and opinions are not circumstances but mere ideas which have crept into the mind of witnesses from unknown sources. The proffered testimony being wholly insufficient to establish appellants' title or any fact or circumstance connected with it, it was incompetent and, even if it had been admitted, it could not have formed the basis for a verdict or judgment in favor of appellants. Proof of title must be by fact and circumstances. It cannot be established by the conclusions of witnesses and in our opinion the court committed no error in sustaining objections to the testimony. The assignment of error will therefore be overruled. Hiram Sharp's Ex'r v. Baker, 22 Tex. 306; Cullers v. Gray, Tex.Civ.App., 57 S.W. 305; Webb v. Reynolds, Tex.Com.App., 207 S.W. 914.

Appellants next complain of the judgment entered by the court because it was not based upon sufficient pleading, that is, they contend the land sued for was not described with sufficient certainty to enable it to be located upon the ground. The petition and judgment described the land as a part of the Brigham Survey in Lamar County, Texas, and then recited the field notes. They began at the northeast corner of the Joel A. May tract, in the center line of the Brigham Survey, and continued west, south, east and north so as to encompass the 13.48 acres. Appellants assert that the call for the northeast corner of the Joel A. May tract as the beginning point makes the description so indefinite that it could not be located by an officer attempting to execute a writ or order of the court by taking it into possession or delivering possession to the appellee. We are not in accord with appellants in this contention. The Joel A. May tract was specifically described in his deed which was of record and was introduced in evidence. Its corner constituted an artificial object. The object was located in the center line of the Brigham Survey. Moreover, a surveyor's plat of the May tract and the several tracts adjoining it was introduced in evidence and no question was raised during the trial as to its location. Appellants did not except to the petition on the ground that the land was not properly described and in our opinion their criticism of the description in the petition and the judgment is without merit.

The remaining assignment of error has reference to alleged improper argument made to the jury by appellee's counsel. Since appellants failed to establish their claim to the land and were not entitled to a judgment decreeing the title to them under their plea of ten years' limitation and adverse possession, nor upon any other theory, this assignment of error becomes immaterial. Obviously, if they were not entitled to a judgment under any theory and, under the admissible testimony, the jury would not have been warranted in returning a verdict in their favor upon the only claim they asserted, any improper argument that might have been made to the jury by opposing counsel would be immaterial and furnish no ground for reversing the judgment. Beatty v. Clarkson, 110 Mo.App. 1, 83 S.W. 1033.

From what we have said it follows that, in our opinion, no reversible error is revealed by any of appellants' assignments of error. The judgment of the court below will therefore be affirmed.